UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA D. WEST,<br><br>       Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>       Defendant. | Case No. CV 14-2163-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance Benefits and Supplemental Security Income. She claims that the Administrative Law Judge ("ALJ") erred when he rejected the examining doctor's opinion that she would need to take a ten-minute break each hour she worked and when he found that she was not credible. (Joint Stip. at 5-7, 14-17.) For the following reasons, the Court concludes that the ALJ erred and remands the case to the Agency for further proceedings.

## II. SUMMARY OF PROCEEDINGS

In October 2011, Plaintiff applied for DIB and SSI, alleging that she had been disabled since December 31, 2008, due to chronic obstructive pulmonary disease, carpal tunnel syndrome, and pain in her back, legs, arms, and neck. (Administrative Record ("AR") 30, 38-39, 193, 355.) Her applications were denied initially and on reconsideration and she requested and was granted a hearing before an ALJ. (AR 136-37, 168-69, 193-205, 208.)

In January 2013, she appeared with counsel and testified at the hearing. (AR 27-67.) In June 2013, the ALJ issued a decision awarding benefits. (AR 170-80.) Thereafter, on its own motion, the Appeals Council granted review and remanded the case to the ALJ for further consideration. (AR 187-91.) On remand, the ALJ held another hearing, at which Plaintiff again appeared with counsel. (AR 68-115.) In April 2014, the ALJ issued a decision denying benefits. (AR 9-22.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-8.) She then filed this action.

## III. ANALYSIS

A.  The Examining Doctor's Opinion

Examining internist Bahaa Girgis and testifying medical expert Harvey Alpern arrived at almost identical residual functional capacity findings. They both concluded that Plaintiff could lift and carry 20 pounds occasionally and ten pounds frequently and could sit, stand, and walk for six hours in an eight-hour workday. (AR 73-74, 527-30.) Dr. Girgis, however, added an additional restriction, i.e., that Plaintiff be allowed to take a ten-minute break every hour that she was required to stand or walk. (AR 530.)

The ALJ claimed to give "significant weight, but not great weight" to Dr. Girgis' opinion but adopted Dr. Alpern's instead. (AR 17, 20.) The ALJ explained that he was deferring to Dr. Alpern because Dr. Alpern's opinion was the most recent and most restrictive. (AR 20.)

Plaintiff contends that the ALJ erred in rejecting Dr. Girgi's opinion that she needed a ten-minute break every hour she worked on her feet. (Joint Stip. at 6.) The Agency disagrees. It argues that the ALJ rightly relied on Dr. Alpern's opinion because he considered medical records Dr. Girgis had not and because Dr. Alpern's findings were the most restrictive. (Joint Stip. at 9-10.) For the following reasons, the Court rejects the Agency's arguments.

It is the province of the ALJ to resolve conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). There are three types of doctors that supply that evidence: treating doctors, examining doctors, and reviewing doctors. All things being equal, treating doctors are entitled to the greatest weight because they are hired to cure and have more opportunity to know and observe the patient. *Id.* at 1041. Examining doctors are next on the list, followed by reviewing doctors. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). ALJs, however, are not required to accept the opinion of any doctor and, where the opinion is contradicted, may reject it for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* at 830.

As a starting point, all things being equal, Dr. Girgis' opinion was entitled to more weight than Dr. Alpern's because Dr. Girgis had examined Plaintiff and Dr. Alpern had not. *Id.* In that context, the Court reviews the ALJ's decision to rely on Dr. Alpern.

The ALJ's finding that Dr. Alpern's opinion was entitled to more weight because it was the most restrictive is not supported by the record. Though it is true that Dr. Alpern included some restrictions that Dr. Girgis did not--i.e., no ropes or ladders or work in an environment with concentrated noxious dust, fumes, and irritants (AR 73-74)--these restrictions are not at the heart of the ALJ's decision. What is is Plaintiff's purported need to take a break for ten minutes for every hour that she was required to stand or walk. Dr. Alpern did not believe that she would need a break, Dr. Girgis did. So, at least with regard to this limitation, Dr. Girgis' opinion is more restrictive than Dr. Alpern's. This restriction is significant because, had the ALJ adopted it, it is likely that Plaintiff could not have performed the jobs identified by the vocational expert. As such, the ALJ's finding that Dr. Alpern's opinion was more restrictive than Dr. Girgis' is not supported by the record and is rejected.

The second reason the ALJ gave for choosing Dr. Alpern's January 2014 opinion over Dr. Girgis' December 2011 opinion was that Dr. Alpern had reviewed all of the medical records and Dr. Girgis had not. (AR 19.) There is some support for this finding. Obviously, Dr. Girgis did not take into account the medical records that were generated after he prepared his December 2011 opinion. But, as Dr. Alpern testified at the hearing, he had not reviewed all of the records, either. He had only considered exhibits 1F through 6F and had not reviewed exhibit 7F, which were records from March 13, 2013 to October 16, 2013. (AR 71.) Ultimately, it appears that the breadth of Dr. Alpern's review was significantly greater than that of Dr. Girgis' and that may be enough for the ALJ to accept Dr. Alpern's opinion and reject Dr. Girgis' opinion. As it stands, however, it is

not clear to the Court whether the ALJ would have chosen to accept Dr. Alpern's opinion for this reason alone and, therefore, remand for further consideration is warranted.[1]

B.  The ALJ's Credibility Determination

At the 2014 administrative hearing, Plaintiff testified that she had fallen several times in the previous year because her legs had given out and that she had hurt her arm in the process, rendering her unable to comb her hair or lift even a gallon of milk. (AR 85-86, 90.) She also testified that she could not sleep because of her back pain even though she took pain medication. (AR 86, 88, 98.) She explained that, as a result of her limitations, she had to be cared for by her son and daughter, who fixed her meals and took her out when she needed to go somewhere. (AR 88, 99.) According to Plaintiff, she could not sit down at a job or concentrate for any period of time. (AR 97.) She also claimed that she could not walk for more than half a block because of back and leg pain. (AR 100.)

The ALJ found that Plaintiff's severe impairments, consisting of low back strain, bilateral carpal tunnel syndrome, obesity, and chronic obstructive pulmonary disease, could reasonably be expected to

---

[1] The Court is also somewhat confused with the ALJ's statement that he was according Dr. Girgis' opinion "significant weight, but not great weight." (AR 20.) "Significant weight" and "great weight" seem to the Court to be very similar terms. If appropriate, the ALJ may want to expand on this language on remand, keeping in mind that, where an ALJ accords a doctor's opinion significant weight, it may be error for him to not include the doctor's limitations in the residual functional capacity finding. *See, e.g., Van Sickle v. Astrue*, 385 Fed. App'x 739, 741 (9th Cir. 2010) (concluding ALJ committed error by finding consultative medical opinions "highly probative" but failing to include limitations contained in those opinions in residual functional capacity determination or to explain why he rejected them) (citing *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006)).

cause her alleged symptoms but that her testimony was not entirely credible. (AR 15, 18-19.) Plaintiff contends that the ALJ erred in doing so because he based his finding solely on the fact that there was no objective medical evidence to support the testimony. (Joint Stip. at 16.) For the following reasons, the Court concludes that the ALJ erred in rejecting her testimony.

ALJs are tasked with judging a claimant's credibility. *Andrews*, 53 F.3d at 1039. In doing so, they can rely on ordinary credibility techniques. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Where there is no evidence of malingering, however, they can only reject a claimant's testimony for specific, clear, and convincing reasons that are supported by substantial evidence in the record. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

The ALJ determined that Plaintiff was not credible because she had elected to pursue only conservative treatment and because the medical evidence did not support her claims of disabling pain and limitation. (AR 19-21.) Though these are legitimate reasons for questioning a claimant's testimony, *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (noting conservative treatment, including use of only over-the-counter medication to control pain, supported discounting claimant's testimony regarding pain); and *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (noting ALJ can consider objective medical evidence in determining credibility of claimant), they are not supported by the record.

Despite Plaintiff's allegedly crippling pain, there is no evidence that she had ever received any treatment other than pain medication. In December 2011, she told Dr. Girgis that she had never had surgery, injections, or physical therapy for her back. (AR 527.)

6

In July 2012, she told her treating doctor that, despite the fact that she had been suffering from back pain for 15 years, she had never seen an orthopedist or had a CT scan or an MRI. (AR 556.)

In a vacuum, Plaintiff's failure to pursue additional treatment would support the ALJ's finding that she was not credible. What the ALJ overlooked, however, was that Plaintiff repeatedly told her doctors that she could not pursue more intensive treatment because she could not afford it and did not have medical insurance. (AR 564, 566, 572, 585.) The ALJ erred in rejecting her testimony on the ground that she failed to obtain additional treatment where she was unable to obtain it because she could not afford it. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (holding claimant's inability to seek treatment more often because he could not afford it could not be basis for adverse credibility finding); *see also* Social Security Ruling ("SSR") 96-7P, 1996 WL 374186, at *7 (July 2, 1996) ("[T]he adjudicator must not draw any inferences about an individual's symptoms . . . from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record[.]").[2]

The ALJ's only other reason for questioning Plaintiff's testimony was that it was not supported by the objective medical evidence. Though this can be a reason for questioning a claimant's testimony, it cannot be the *only* reason. *Rollins*, 261 F.3d at 856. In light of the fact that the Court has rejected the ALJ's other reason for discounting Plaintiff's testimony, the lack of medical evidence alone

---

[2] The ALJ recognized in his June 2013 decision awarding benefits that Plaintiff had not pursued other treatment and tests because she could not afford it and did not have insurance. (AR 179.) It is not clear why he left this out of his most recent decision.

7

cannot support that finding. As such, the credibility finding is reversed and the issue is remanded to the Agency for further consideration.

## IV. CONCLUSION

For these reasons, the ALJ's decision is reversed and the case is remanded to the Agency for further consideration consistent with this Memorandum Opinion and Order.[3]

IT IS SO ORDERED.

DATED: February 23, 2016.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\WEST, C 2163\Memo Opinion and Order.wpd

---

[3] Plaintiff has requested that the Court remand the case for an award of benefits. The Court recognizes that it has the authority to do so but finds that such relief is not warranted here because it is not clear from the record whether Plaintiff is entitled to an award of benefits. See Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015), as amended (Feb. 5, 2016) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").